Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5844 / 97 C 7093 | **DATE** | 8/28/2000 |
| **CASE TITLE** | Ronald O. Spitz vs. Arthur H. Tepfer, et al  Frederick A. Fenster, et al vs. Tepfer & Spitz, Ltd., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The petition for an "award of attorneys fees, costs and litigation expenses" is granted in the amount of $67,406.90.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 1 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 135 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | | |
| WAP | courtroom deputy's initials | 00 AUG 31 PM 4: 21 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD O. SPITZ, as a Trustee of the Tepfer & Spitz, Ltd. 401(k) Profit Sharing Plan and Trust,<br><br>        Plaintiff,<br><br>        v.<br><br>ARTHUR H. TEPFER, FREDERICK A. FENSTER, and NOLAN S. FRANK,<br><br>        Defendants. | FILED<br>AUG 28 2000<br>Judge Harry D. Leinenweber<br>U.S. District Court |
| FREDERICK A. FENSTER and NOLAN S. FRANK,<br><br>        Plaintiffs,<br><br>        v.<br><br>TEPFER & SPITZ, LTD., RONALD O. SPITZ, DAWN C. MAGLIOLA, and TEPFER & SPITZ, LTD. 401(k) PROFIT SHARING PLAN AND TRUST,<br><br>        Defendants. | Case No. 96 C 5844<br>*consolidated with*<br>Case No. 97 C 7093<br><br>Judge Harry D. Leinenweber<br><br>DOCKETED<br>SEP 01 2000 |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Before the court is a Petition for an award of attorneys' fees, costs and litigation expenses. The Petitioners are the plaintiffs in *Spitz, et al. v. Tepfer, et al.*, No. 96 C 5844 (the "Pension Plan" case) and the defendants in *Fenster, et al. v. Tepfer & Spitz, et al.*, No. 97 C 7093 (the "Fenster" case)

Appropriately, the Respondents are the defendants in the Pension Plan case and the plaintiffs in the Fenster case.

**BACKGROUND**

Three substantive federal court decisions have been issued in this case, as well as at least one state court decision; hence, the facts of this case have been well documented. The court, for chronological purposes, briefly summarizes them here.

Ronald O. Spitz ("Spitz") and Arthur H. Tepfer ("Tepfer") were the co-owners of a retirement plan consulting business, Tepfer & Spitz, Ltd. ("T & S"), which began conducting business in December 1990. Spitz and Tepfer each owned 50% of the T & S shares, and they were the sole directors and officers of the company. Fenster and Frank were employees of T & S until June 12, 1995.

In January 1991, T & S established the 401(k) profit sharing plan (the "Plan"), which has been at the center of both lawsuits. T & S was the sponsor and administrator of the Plan; Spitz, Tepfer, Fenster, and Dawn Magliola served as trustees.

In March 1995, Tepfer filed a lawsuit in state court, seeking to dissolve T & S. The state court ordered a buyout and required Tepfer to pay damages to T & S for the company assets he took when he left T & S.

On June 2, 1995, Tepfer withdrew $48,000 from the Plan, without Spitz's knowledge (the "Loan"). Tepfer drafted the "Participant Loan Program" document in order to characterize his action as a loan.

On June 8, 1995, Tepfer executed the "Fourth Amendment" to the Plan (the "Fourth Amendment"), which was never adopted, ratified or approved but provided that all participants were 100% vested as of January 1, 1995. The Fourth Amendment also gave employees their allocation of the T & S annual contribution to the Plan for the year in which they left T & S. On June 9, 1995, Tepfer resigned from T & S.

In 1997, this court granted most of the Petitioners' motion for summary judgment, finding that the Fourth Amendment was improperly enacted and that the loan was improper; the court also dismissed the Respondents' counterclaims (the failed counterclaims resurfaced as the Fenster Case). See Spitz v. Tepfer, No. 96 C 5844, 1997 WL 391996 (N.D. Ill. June 8, 1997) ("Spitz I"). However, this court denied the Petitioners attorneys' fees, reasoning that because jurisdiction arose out of the Declaratory Judgment Act and not ERISA, attorneys' fees were not available.

The Seventh Circuit reversed in part, concluding that disputed issues of fact existed as to the scope of the program from which Tepfer borrowed the $48,000 and that Spitz's suit arose under ERISA for equitable relief, reopening the attorneys' fees possibility. See Spitz v. Tepfer, 171 F.3d 443 (7th Cir. 1999) ("Spitz II"). The Seventh Circuit affirmed on the Fourth Amendment issues. In its Complaint, the Petitioners in the Pension Plan case had sought an injunction prohibiting the Respondents from filing frivolous complaints with the Department of Labor. The Seventh Circuit noted

that the Petitioners abandoned the claim and that this court "implicitly found against Spitz on this claim." *Id.* at 448.

On October 10, 1997, the Fenster Case was filed, alleging that the defendants used the wrong compensation numbers, failed to count 1995 as a year of service in determining vesting percentages, failed to respond within 30 days to a request for benefits statement made by the plaintiffs, and that the 1995 allocation should belong to Fenster rather than to Frank. The Fenster plaintiffs, which did not include Tepfer, also sought to terminate the T & S Plan.

On December 9, 1999, this court resolved the remanded Loan issue, finding that T & S did not abuse its discretion as plan administrator when it determined that the "Participant Loan Program" was invalid. *Spitz v. Tepfer*, Nos. 96 C 5844, 97 C 7093, 1999 WL 1206666 (N.D. Ill. Dec. 9, 1999) ("*Spitz III*"). However, the court did find that T & S violated ERISA's requirements relating to information requests in the Fenster case but, because the Fenster plaintiffs were not materially prejudiced, no penalties were awarded against T & S.

### DISCUSSION

According to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), a party prevails for purposes of entitlement to fees if it succeeded on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." "The district court should focus on the significance of the overall

relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* 461 U.S. at 436.

Broken down generally, there are six claims or issues between the two cases: (1) the Fourth Amendment; (2) the Loan; (3) the Labor Department complaints; (4) the computational claims; (5) the failure to respond to information requests; and (6) the termination of the Plan. The Petitioners substantively won four of the six and abandoned the Labor Department Claim, which was never addressed on the merits. Although the Respondents prevailed on the information request claim, the court found that the Respondents' had not been materially prejudiced as a result of the delay. The court finds that the Petitioners are the prevailing party in these consolidated cases and therefore "entitled to a modest presumption" that they should be awarded reasonable attorney's fees. *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 617 (7th Cir. 1995). However, the threshold determination does not end there.

As the court in *Quinn v. Blue Cross and Blue Shield Assoc.*, 161 F.3d 472, 478 (7th Cir. 1998), succinctly set forth,

> This circuit has recognized two processes for analyzing whether attorney's fees should be awarded to a party in an ERISA case after it has attained "prevailing party" status. The first test looks at the following five factors: 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a

whole; and 5) the relative merits of the parties' positions. *Id.* The second test looks to whether or not the losing party's position was "substantially justified." *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 830 (7th Cir.1984). In any event, both tests essentially ask the same question: "was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Hooper v. Demco, Inc.,* 37 F.3d 287, 294 (7th Cir.1994)(quoting *Meredith v. Navistar Intern. Transp. Corp.,* 935 F.2d 124, 128 (7th Cir.1991)).

According to the Supreme Court, the "substantially justified" standard is defined as a "genuine dispute" that is "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal citations omitted).

In *Harris,* the Seventh Circuit affirmed the denial of fees because the plaintiff's interpretation of the Plan was not unreasonable, given the confusing factual situation of the case. *Harris* 57 F.3d at 617. For example, the plan in *Harris* was instituted after "Sandra's" accident but before the settlement; the plan began to pay expenses without requesting reimbursement but initially deemed the "Sandra" ineligible.

In *Flipowicz v. American Stores Benefit Plans Comm.,* 56 F.3d 807, 816 (7th Cir. 1995), the Seventh Circuit affirmed this court, which granted fees, because

> the members of the pension plan would benefit from the award of fees in this case. The district court also found that while the defendants' position was not frivolous, it was less than meritorious. In fact the district court stated that it "finds it almost incredulous that the defendants would not have learned from witness Peralta or some other Prudential or American

employee what plan documents were actually in effect at the time of Ruth's death."

Although Tepfer argues that "the issue at bar is not whether Tepfer was correct in believing himself entitled to borrow his own money, but rather whether his litigation position was anything other than frivolous," the Seventh Circuit's analyses above, indicate otherwise. Resp. at 18. In *Harris* and *Flipowicz*, the Court addressed how the parties behaved with regards to their plan not with regards to their case. This case falls into the *Flipowicz* camp. Although the T & S Plan may have been confusing, Tepfer was not confused in his position and motives. In their Response to the Fee Petition, the Respondents argue that Tepfer acted in good faith in taking the Loan and that Fenster and Frank were not involved in the Fourth Amendment.

However, in *Spitz I*, this court found that it was "clear that Mr. Tepfer was trying to hide his withdrawal from Mr. Spitz." *Spitz* at *4. "It appears to the court that defendant Tepfer took a number of actions prior to leaving T & S that were aimed at obtaining as high of a pension payment as possible while, in an underhanded fashion, circumventing the agreed-upon parameter of the Plan." *Id.* at *7.

In *Spitz II*, the Seventh Circuit disagreed with this court's holding, but evidently not with its portrayal of Tepfer's behavior: "it is not without moment that Spitz had reason to believe that Tepfer was trying to loot the company and the Plan." *Spitz* 171

F.3d at 449. The Seventh Circuit referred to Tepfer's attempt to dissolve T & S as a "gambit" and this case as a "pitched battle between the two." *Id.* 171 F.3d at 445, 446. As evidenced by the two courts addressing the parties' positions in this case on three occasions, the Respondents' position is not substantially justified. *See Wyatt v. Unum Life Ins. Co.*, No. 00-1127, 2000 WL 1118965, slip op. at *5 (7th Cir. Aug. 7, 2000). The court finds that awarding the Petitioners fees and costs is appropriate in this case.

The Petitioners seek $116,497.00 for attorneys' fees and $877.58 for costs incurred through March 31, 2000. The Respondents argue that if fees are to be awarded at all they should be reduced to $13,115.00. According to the Seventh Circuit, "the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Jankowski v. International Brotherhood of Teamsters*, 812 F.2d 295, 298 (7th Cir. 1987).

The Respondents argue that fees and costs should not be assessed against Fenster and Frank because they showed no bad faith, had no input into the adoption of the Fourth Amendment and, as ERISA beneficiaries, they should not be forced to pay.

However, the Petitioners respond that Tepfer, Fenster and Frank have maintained the same legal positions throughout this litigation, regardless of their status as trustee or beneficiary. Furthermore, Petitioners cite to the deposition of Tepfer, who

reveals that he, Fenster and Frank were paying their attorney "in ratio to our account balances." Pet. at 10.

ERISA's remedial purpose is to protect beneficiaries. *See Meredith v. Navistar Internat'l Transp. Corp.*, 935 F.2d 124 (7th Cir. 1991). However, in this case, reducing the fee award so as to protect Fenster and Frank would only ease Tepfer's burden; thus, the court declines to reduce the fee award by amounts assessable to Fenster and Frank.

Next, the Respondents argue that they should not be taxed for the Petitioner's dilatory tactics, such as delaying and resisting discovery. This litigation has dragged on for at least four years and has been acrimonious at its best. The Petitioners can cite to a comparable number of dilatory tactics and unnecessary motions by the Respondents. *See* Pet. at 12. For every vexatious discovery request there was an additional request for an extension of time. The underhanded litigation strategies offset each other here.

The Respondents do raise several persuasive arguments, however, for decreasing the fee award.

The Respondents agree that the fees accrued in preparing the fee petition are included; however, they contend that the amount here is excessive. The court notes that in filing its February 9, 2000 Fee Petition, the Petitioners sought a total of $105,429.90, an average of roughly $26,357.48 for each year *Spitz* has been on this docket. By March 31, 2000, the total had gone up to $117,374.45. The almost $10,000 increase over the course of a

couple of months is unreasonable. Therefore, the court starts with the $105,429.90 figure. *See Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990) ("it is appropriate to allow the district court discretion to determine the amount of a fee award").

The Petitioners, as the defendants in the Fenster case, lost as to the information request claim. Although the court found that the Respondents were not materially affected by the delay, nor should they be taxed fees on this claim. In the Joint Statement, the Respondents reasonably divided Petitioners' requested amount by issue; $24,800.00 was the amount spent on the information request issue. The court reduces the award by $24,800.00.

The Petitioners chose not to prosecute the Labor Department claim. Again, the court finds that the Respondents should not be taxed for a claim that was not substantively addressed and decided against them. The court reduces the award by $10,700.00, as similarly broken down by the Respondents.

In the Joint Statement, the Respondents cite several specific areas where they feel that fees are unwarranted. The court agrees that the Respondents should not be burdened with the following: (1) on the first appeal, the Petitioner's brief was "bounced" for failing to conform to the Seventh Circuit's format ($1,155.00) and (2) any action taken in the state case, which was filed before this case ($1,368.00).

The Respondents note that all but $100 of the $48,000 loan has been repaid. The outstanding $100 is to preserve the appeal. As

to the Fourth Amendment issue, no damages were awarded. The Petitioners' proposed cumulative fee is over twice the damage award. In balance, the Petitioners note that the Respondents were charged roughly the same amount by their attorneys. *See* Pet. Reply at 9. After the considerations taken above, the Respondents are ordered to pay the Petitioners $67,406.90 in fees and costs.

## CONCLUSION

Therefore, for the foregoing reasons, the Petition for an "award of attorneys fees, costs and litigation expenses" is granted in the amount of $67,406.90.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: *August 28, 2000*